UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARON JOHNSON                                    CIVIL ACTION

VERSUS                                           NUMBER: 10-01771

JAMES M. LEBLANC, ET AL.                         SECTION: "N"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed <u>in</u> <u>forma</u> <u>pauperis</u> by <u>pro</u> <u>se</u> plaintiff, Baron Johnson, against defendants, Secretary James M. LeBlanc of the Louisiana Department of Public Safety and Corrections, Governor Bobby Jindal, Dr. Damon Dietrich of the West Jefferson Medical Center, and Dr. Juan Labadie of the Jefferson Parish Human Services Authority.

Plaintiff is a former inmate of the David Wade Correctional Center in Homer, Louisiana who now resides in the Terrytown area of Jefferson Parish. As his statement of claim herein, plaintiff alleges as follows:

> I Baron Johnson DOC #316875 am filing this civil rights complaint against these

> defendants because my constitutional rights as a citizen of the United States and of the State of Louisiana under the 8th Amendment and 14th Amendment constitutional rights have been violated by these defendants and by the State of Louisiana by denying me adequate medical medical treatment and medical assistance from the State of Louisiana to also receive Supplemental Security Income and Immediate Emergency Assistance by the State of Louisiana and my constitutional rights to privacy have completely have been violated by these defendants and by the State of Louisiana for putting me through cruel and unusual punishments and placing my life in serious danger.

(Rec. doc. 1, pp. 3-4).

For the foregoing transgressions, plaintiff seeks an unspecified amount of monetary damages. (Rec. doc. 1, p. 4).

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). <u>See also</u> 28 U.S.C. §1915A. Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed without prejudice for failing to state a claim unless plaintiff amends his complaint to set forth a particularized claim or claims against the

defendants.

It is well-settled that a plaintiff in a §1983 action must plead specific facts with sufficient particularity to satisfy all elements of his claim for recovery. <u>Mills v. Criminal District Court No. 3</u>, 837 F.2d 677, 678 (5th Cir. 1988); <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1278 (5th Cir.), <u>cert</u>. <u>denied</u>, 506 U.S. 973, 113 S.Ct. 462 (1992); <u>Parra-Sanchez v. Gusman</u>, 2008 WL 4587302 at *5 (E.D. La. Oct. 15, 2008). Legal conclusions must be supported by factual allegations. <u>Ashcroft v. Iqbal</u>, ___ U.S. ____, ____, 129 S.Ct. 1937, 1950 (2009). Although plaintiff generally alleges that the named defendants violated his constitutional rights, his complaint contains no specific information regarding the alleged violations of his rights, i.e., the who, what, where, when, etc. The defendants cannot reasonably be expected to respond to such a vague pleading. Accordingly, it will be recommended that plaintiff's complaint be dismissed without prejudice unless, within twenty days from today's date, he amends his complaint to set forth a particularized claim or claims against the defendants.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice unless, within twenty(20) days of today's date, he amends his complaint to set forth a particularized claim or claims against the defendants.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this __2nd__ day of August_____, 2010.

                                                ALMA L. CHASEZ
                                   UNITED STATES MAGISTRATE JUDGE